UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE RIAZI ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-1705 |
| ) | |
| ALLY FINANCIAL, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff ELAINE RIAZI ("Plaintiff"), through her attorneys, alleges the following against ALLY FINANCIAL, INC. ("Defendant"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiffs reside in this district and Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff is a natural person residing in St. Peters, St. Charles County, Missouri.

5.      Defendant is a business entity with a principle business address in Detroit, Michigan.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7. Defendant places telephone calls to ███████████.

8. Telephone number ███████████ is assigned to Plaintiff's cellular telephone.

9. These calls are not for emergency purposes.

10. These calls were to collect payments on an alleged debt.

11. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

12. Plaintiff withdrew any prior express consent for Defendant to use an automatic telephone dialing system to call her cell phone.

13. On or about June 29, 2016, Plaintiff instructed Defendant to stop calling her cell phone.

14. Plaintiff withdrew any prior express consent for Defendant to use an automatic telephone dialing system to call her cell phone.

15. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after June 29, 2016.

16. Since June 29, 2016, Defendant called Plaintiff's cell phone approximately two hundred (200) times.

17. Plaintiff received multiple texts messages from Defendant.

18. Plaintiff received numerous voicemails from Defendant where she heard beeps or silence on the other end of the line.

19. These voicemails filled Plaintiff's mailbox.

20. Defendant used an automatic telephone dialing system to place these calls and texts.

21. Defendant called at all hours of the day, including before 7:00 a.m.

22. Accordingly, Plaintiff submitted a consumer complaint to the Attorney General of Missouri. *See attached*.

23. This complaint was to no avail, as Defendant continued to call Plaintiff to collect a debt.

24. Defendant placed these calls voluntarily.

25. Defendant placed these calls under its own free will.

26. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

27. Defendant willfully used an automatic telephone dialing system to place these calls.

28. Plaintiff revoked any consent, actual or implied, for Defendant to use an automatic telephone dialing system to call her cell phone.

29. Plaintiff is annoyed and feels harassed by Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ELAINE RIAZI, respectfully request judgment be entered against Defendant, ALLY FINANCIAL, INC., for the following:

32. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

33. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

34. All court costs, witness fees and other fees incurred; and

35. Any other relief that this Honorable Court deems appropriate.

                                                         Respectfully submitted,

Dated: June 16, 2017                     /s/ Adam T. Hill
                                                         Adam T. Hill
                                                         KROHN & MOSS, LTD.
                                                         10 N. Dearborn St., 3rd Fl.
                                                         Chicago, Illinois 60602
                                                         Telephone:  312-578-9428
                                                         Telefax:  866-861-1390
                                                         ahill@consumerlawcenter.com
                                                         Attorneys for Plaintiff