**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ELAINE RIAZI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:17-cv-1705-JCH |
| | ) |
| ALLY FINANCIAL, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

NOW COMES, Plaintiff, ELAINE RIAZI ("Plaintiff") through her attorneys, and pursuant to hereby moves to dismiss the counterclaim of Defendant, ALLY FINANCIAL, INC. ("Defendant"), as this Court lacks subject-matter jurisdiction over Defendant's permissive counterclaim. In support thereof, Plaintiff hereby states as follows:

**I.    BACKGROUND**

On June 16, 2017, Plaintiff filed a Complaint against Defendant based on the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227, *et. seq.* [Doc. No. 1]. The TCPA is a federal statute regarding, *inter alia,* the use of an automatic telephone dialing system to call a cellular telephone. 17 U.S.C. § 227. Plaintiff's Complaint arises from harassing phone calls to her cellular phone without consent in violation of the TCPA. [Doc No. 1].

On August 14, 2017, Defendant filed its Answer to the Complaint and Counterclaim for breach of contract. [Doc. No. 11]. Defendant's Counterclaim makes no mention, or reference to, telephone calls. *Id.* Additionally, Defendant fails to make any allegation that asserts any supplemental jurisdiction of this Court over its Counterclaim. *Id.*

Plaintiff thereby moves to dismiss Defendant's Counterclaim for lack of subject-matter jurisdiction, as Defendant's counterclaim is permissive, not compulsory.  Furthermore, allowing Defendant to proceed on its counterclaim would dissuade TCPA plaintiffs from asserting their rights, thereby violating the public policy behind the statute.

## II.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER DEFENDANT'S COUNTERCLAIM AND THEREFORE MUST BE DISMISSED.

If no subject matter jurisdiction exists a claim is to be dismissed.  Fed. R. Civ. P. 12(b)(1). Defendant's counterclaim is, at best, a permissive counterclaim over which this Court has no subject matter jurisdiction.  To determine whether a claim is permissive or compulsory, courts look to the "logical relation" test in, which is a loose standard permitting a broad interpretation in the interest to avoid multiplicity of suits and fairness to parties. *See Tullos* v. *Parks*, 915 F.2d 1192, 1195 (8th 1990). Such logical relationship exists between the Plaintiff's original claim and a Defendant's counter claim "when the counterclaim arises out of the [same] transaction or occurrences that is the subject matter of the [original] claim" *Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1136 (8th Cir. 1981).  Defendant's counterclaim does not arise from the same aggregate of operative facts as Plaintiff's claim for illegally placed phone calls, which is entirely separate and distinct from the breach of contract action that Defendant is attempting to bring as its counterclaim.

If Defendant's counterclaim is not compulsory, it is permissive and thus must have an independent jurisdictional basis (*Employers Ins. V. United States,* 764 F.2d 1572, 1576 (Fed. Cir. 1985), and if there is no such independent jurisdictional basis, courts will exclude the counterclaim from the case.  *See First Cmty. Credit Union* v. *Levison*, 395 S.W.3d 571, 579-81 (Mo. Ct. App. 2013). Defendant has made no showing that the Parties are of diverse citizenship, nor does

Defendant's counterclaim meet the minimum amount in controversy requirement. Thus, Defendant's counterclaim may only go forward if it is compulsory. Defendant's counterclaim is permissive and fails to offer any basis for this federal court to assert subject matter jurisdictional, and therefore its counterclaim must be dismissed for lack of supplemental jurisdiction.

### III.   DEFENDANT'S COUNTERCLAIM IS PERMMISSIVE BECAUSE IT DOES NOT ARISE FROM THE SAME AGGREGATE OF OPERATIVE FACTS, THUS THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). If a counterclaim does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim, a district court shall have supplemental jurisdiction over that claim only if it is so related to the originating claim that they form part of the same case of controversy.

### A.   The claims asserted in this action do not arise from the same aggregate of operative facts that is the subject matter of Plaintiff's claims, thus there is no logical relationship between the two claims. Therefore, Defendant's Counterclaim must be considered *permissive* and there is no subject matter jurisdiction.

The TCPA claim alleged in Plaintiff's Complaint is based on Defendant's alleged illegal activities in constantly and consistently placing automated collection calls to Plaintiff's cellular telephone. To prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that the defendant made a call "using an automatic telephone dialing system or artificial or prerecorded voice." *Elkins* v. *Medco Health Solutions, Inc.*, 2014 WL 1663406, at *14 (E.D. Mo. Apr. 25, 2014). To this end, Plaintiff has alleged that Defendant violated the TCPA by

3

using an automatic telephone dialing system to place at least two hundred (200) calls to her cell phone after her requested Defendant to stop.  [Doc. No. 1, ¶¶ 7-29.]

While it is likely that the reason Defendant placed these calls to Plaintiff's cell phone was related to a debt [*see* Doc. No. 1, ¶ 10], the underlying debt and the amount of the same is immaterial to Plaintiff's claim under the TCPA.  For purposes of proving her claim, the amount and character of Plaintiff's debt does not in any way impact Plaintiff's ability to recover under the TCPA.  Rather, the TCPA is "intended to 'protect the ***privacy interests*** of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers.'"  *Columbia Cas. Co.* v. *Hiar Holding*, *L.L.C.*, 411 S.W.3d 258, 261 (Mo. 2013) (emphasis added); *see also Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 975 F. Supp. 329, 330 (S.D.N.Y. 1997)(quoting *International Science & Technology Inst., Inc. v. Inacom*, 106 F.3d 1146, 1150 (4th Cir.1997).  As such, the TCPA does not apply solely to automated debt collection calls, but applies equally to other unsolicited, automated communications as well.

In *Peterson v. United Accounts, Inc.*, the United States Court of Appeals for the Eighth Circuit addressed an almost identical issue that is before the Court today, regarding whether a Plaintiff's Federal Debt Collection Practices Act ("FDCPA")[1] claim was compulsory or permissive to a pending state claim by a debt collector for breach of contract for failure to pay the debt owed. *Petersen*, 638 F.2d at 1135.  There the Defendant filed a suit in state court to collect payment of debts owed by the Plaintiff. *Id*.  While that action was pending, the Plaintiff's a counterclaim against

---

[1] Like the TCPA, the federal FDCPA statute was also enacted to protect the rights of consumers against, *inter alia*, the harassing conduct of third party debt collectors.  15 U.S.C. § 1692 *et seq*.  Similarly, the FDCPA prohibits debt collectors from using harassing conduct to collect debts from consumers including, but not limited to, prohibiting debt collectors

4

the Defendant for violating the FDCPA by utilizing unfair means to collect the debt. *Id*. The Court was faced with the issue of whether a FDCPA claim was compulsory or permissive to the state claim. *Id*. at 1136. The Court held that the Plaintiff's FDCPA was permissive, not compulsory. The Court reasoned:

> [T]he circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by [Defendant]. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action to enforce federal policy regulating the practices of the collection debts.

*Id*. at 1137.

Here, Defendant's proposed common law Counterclaim for breach of contract rests solely on the interpretation of Defendant's contract with Plaintiff, the amounts paid under the contract, and the amounts owed under the contract just as in *Peterson*. *Id*. Other than the incidental fact that the alleged debt Defendant sought to collect through its repeated calls involves the same debt for which Defendant is suing Plaintiff, there are no other common facts.  It cannot be said that the claims arise from the same aggregate of operative facts per the "logical relation" test. *Cochrane v. Iowa Beef Processors,* 596 F.2d 254, 264 (8th Cir.) *cert*. *denied*. In fact, the operative facts of Plaintiff and Defendant's respective claims are wholly unrelated. *Petersen*, 638 F.2d at 1136-37. Accordingly, this Court must view Defendant's Counterclaim as permissive, and dismiss Defendant's Counterclaim.

---

from placing excessive calls to consumers.  15 U.S.C. § 1692d.

**B.      This Court does not have subject matter jurisdiction over Defendant's permissive counterclaim as the counterclaim does not have its own independent basis for federal court jurisdiction.**

Once this Court determines Defendant's Counterclaim to be *permissive* rather than *compulsory*, this Court may not exercise supplemental jurisdiction over the counterclaim. Particularly, courts throughout the nation recognize that federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims "require a basis of jurisdiction independent from that supporting the main claim." *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No 7*, 747 F.2d 1195, 1197 (8th Cir. 1984); *see also Hart v. Clayton-Parker and Associates, Inc.*, 869 F. Supp. 774, 776 (D. Ariz. 1994) (citing *Unique Concepts, Inc. v. Manuel,* 930 F.2d 573, 574 (7th Cir.1991)) (emphasis added); Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1422 (1989) (noting that while federal courts have jurisdiction over counterclaims, permissive counterclaims *must* be supported by independent grounds for federal jurisdiction). Defendant cannot even suggest that its common law Counterclaim has an independent basis for Federal jurisdiction, as Defendant failed to allege any facts to suggest the same in the Counterclaim. Accordingly, this Court must dismiss Defendant's Counterclaim for lack of subject matter jurisdiction.

**IV.    PUBLIC POLICY REQUIRES THE COURT TO REFUSE TO EXERCISE SUPPLEMENTAL JURISDICITON OVER THE PROPOSE COUNTERCLAIM**

The only possible reason that Defendant seeks to join its state law breach of contract claim to Plaintiff's federal statutory claim is to do "damage control" by offsetting Plaintiff's statutory claims and possibly dissuade this Plaintiff and other plaintiffs from asserting their consumer rights if they owe a debt. This motivation runs afoul of the intent of the TCPA in protecting the rights of

consumers. Defendant should not be able allowed to utilize its wholly unrelated collection claim against Plaintiff as a means of mitigating its damages in the pending TCPA action.

If the Court does determine that there exists even a loose factual connection between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. The Supreme Court of the United States held, "[o]ur decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of [Defendant's] right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966)).

The Northern District Court of New York examined the very issue before this Court. *Nichols v Niagara Recovery, Inc.*, 2013 WL 189947 (W.D.N.Y. 2008). In *Nichols*, the Plaintiff alleged that the Defendant debt collector placed excessive calls in violation of the TCPA and the FDCPA, and the Defendant responded with a collection action counterclaim. *Nichols*, 2013 WL 189947. The *Nichols* court declined to extend jurisdiction over a collection action counterclaim. *Id.* at *8. First, the *Nichols* court stated that Defendant's collection action counterclaim would predominate over the Plaintiff's TCPA and FDCPA claims, as "the evidence required to prove the breach of contract claim is entirely separate from that related to Plaintiffs' FDCPA claims[;]" therefore, "[e]ntertaining [Defendant] NCR's breach of contract claim would thus result in a 'mini trial regarding the plaintiff's actual liability on the debt that the defendant was attempting to collect,' unnecessarily allowing the breach of contract claim to predominate over Plaintiffs' FDCPA claims." *Id*. (citing *McCartney v. First City Bank*, 970 F.2d 45, 46 (5th Cir.1992)).

The *Nichols* court also pointed to the public policy interest in declining to hear the

Defendant's counterclaim.  Quoting to *Leatherwood v. Universal Business Service, Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987), a similar case in the Western District Court of New York, the *Nichols* court held:

> **[T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this**…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.

*Nichols*, 2013 WL 189947 at *8 (citing *Leatherwood*, 115 F.R.D. at 50).

The *Nichols* court's reasoning may be equally applied to the case at bar.  Defendant's Counterclaim would undoubtedly predominate over Plaintiff's TCPA claim, as the evidence required to prove the respective claims are wholly distinct.  If the Court does determine that there exists even a loose logical relation between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction.  *Lucarino v. Con-Dive, LLC* (Slip Copy 2010 WL 786546 (S.D. Tex 2010).

In a similar case in the Eastern District of California, the court declined to extend jurisdiction over a collection action counterclaim finding that per 28 U.S.C. § 1367(3)(4), compelling reasons existed to decline jurisdiction.  *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005).  In that case, the court found the claims to have a logical factual relationship, yet still declined to exercise jurisdiction over the counterclaim collection action and held:

> Even if supplemental jurisdiction exits over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist.  **In a case such as this one, strong policy reasons favor declining to exercise jurisdiction.**  As the court states

8

> in *Leatherwood* [115 F.R.D. 48 (W.D.N.Y. 1987)], allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute.
>
>> [T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.
>
> 111 F.R.D. 48, 50 (W.D.N.Y. 1987) (quoting *Roberts v. Nat'l Sch. Of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1272 (N.D. Ga. 1974). A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker,* 677 F.2d at 777 ("The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt exists."); *McCartney*, 970 F.2d at 47 ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele,* 149 F.3d at 594 ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").
>
> **Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of underlying debt.** This policy satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction over Defendant's state law claims to enforce the debt.

*Sparrow,* 385 F.Supp.2d 1063 at 1070-1071 (emphasis added) (internal citations in the original).

The reasoning of the *Nichols* and *Sparrow* courts may be equally applied to the case at bar. Furthermore, allowing Defendant to litigate its collection action in Federal court would run contrary to the TCPA's public policy of protecting the privacy interests of telephone subscribers, and would

9

dissuade plaintiffs who owe an alleged debt from seeking to enforce their rights under the TCPA. Accordingly, even if this Court determines that the analysis regarding jurisdiction does not end with the "substantial factual relationship" test or the "logical relationship" test and concludes that Defendant's counterclaim has sufficient nexus to the Plaintiff's claims under the TCPA, compelling reasons exist to decline jurisdiction.

## V.  CONCLUSION

This Honorable Court should dismiss Defendant's breach of contract Counterclaim for lack of subject matter jurisdiction. As detailed, *supra*, Defendant's counterclaim should be regarded as permissive only and not compulsory. Where a permissive counterclaim does not have its own independent basis for federal court jurisdiction, this Court may not exercise supplemental jurisdiction over the Counterclaim. Even if the Court determines there exists more then a mere incidental relationship between the claims, the Court should deny subject matter jurisdiction for policy reasons. For the reasons stated herein, Defendant's counterclaim should be dismissed.

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue an order dismissing the breach of contract Counterclaim by Defendant, and for any additional relief deemed appropriate.

RESPECTFULLY SUBMITTED,

Date: August 22, 2017

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2017, the foregoing was filed with the Clerk of the Court by using the CM/ECF System, which automatically provided notice of said filing to all parties of record.

                                                  /s/ Adam T. Hill
                                                  Adam T. Hill